# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUESTOR FRENCH,<br><br>       Plaintiff,<br><br>    v.<br><br>DEREK WILLIAMS, BRETT LAIL, MICHAEL CURTIS, JUSTIN DUCEY, GARY MILLIS, and JULIA BARTON, individually and in their capacity as Correction Officers, and JIM LaFARR, individually and in his capacity as Warren County Sheriff, and TERRY COMEAU, individually and in his capacity as Warren County Undersheriff, and JOHN DOES 1-8,<br><br>       Defendants. | Case No. 9:21-cv-60 (LEK/CFH)<br><br>**42 U.S.C. § 1983 COMPLAINT FOR DAMAGES**<br><br>**USE OF EXCESSIVE FORCE**<br><br>**SUPERVISORY LIABILITY**<br><br>**FAILURE TO TRAIN**<br><br>**FAILURE TO INTERVENE**<br><br>**DEMAND FOR JURY TRIAL** |

E. STEWART JONES HACKER MURPHY, LLP
James C. Knox, Esq.
Bar No. 517109
28 Second Street
Troy, NY 12180-3986
Tel. (518) 274-5820

Attorneys for Plaintiff

1

NOW COMES Plaintiff, QUESTOR FRENCH, by and through his attorneys, E. STEWART JONES HACKER MURPHY, LLP, complaining of Defendants DEREK WILLIAMS, BRETT LAIL, MICHAEL CURTIS, JUSTIN DUCEY, GARY MILLIS, and JULIA BARTON, individually and in their capacity as Correction Officers, and JIM LaFARR, individually and in his capacity as Warren County Sheriff, and TERRY COMEAU, individually and in his capacity as Warren County Undersheriff, and JOHN DOES 1-8, alleging as follows:

## BACKGROUND AND JURISDICTION

1.  This is an action for money damages bought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2.  The Defendant used excessive force upon Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. Despite the presence of other correction officers, no one intervened to prevent or stop these violations of Plaintiff's rights.

## PARTIES

3.  The Plaintiff is a resident of the State of New York.

4.  At all relevant times, DEREK WILLIAMS, BRETT LAIL, MICHAEL CURTIS, JUSTIN DUCEY, GARY MILLIS, JULIA BARTON and JOHN DOES 1-4 were duly-appointed correction officers of the Warren County Correctional Facility, and were acting under color of the statutes, ordinances, regulations, policies, customs, practices and usages of the Warren County Correctional Facility.

5.  At all times relevant, Defendant Jim LaFarr was the sheriff of Warren County,

encharged with the duty of overseeing all operations of the Warren County Jail, ensuring that the officers under his command were appropriately trained, supervised and disciplined, and having a duty of care to ensure the safety and wellbeing of each and every inmate in his custody as Sheriff, including Plaintiff, Questor French.

6. At all times relevant, Defendant Terry Comeau was the Undersheriff of Warren County, encharged with the duty of overseeing all operations of the Warren County Jail, including the actions and activities of Warren County Sheriff's corrections officers, ensuring that the officers under his command were appropriately trained, supervised and disciplined, and having a duty of care to ensure the safety and wellbeing of each and every inmate in the custody of the Warren County Sheriff, including Plaintiff, Questor French.

7. At all times relevant, Defendants John Does 5-8 were officer employees of the Warren County Sheriff's Department, each having rank, authority, and positions of command which invested them with the duty of overseeing operations at the Warren County Jail, including the actions and activities of Warren County Sheriff's corrections officers, including Defendants herein, ensuring that the officers under each John Doe 5-8's command were appropriately trained, supervised and disciplined, and having a duty of care to ensure the safety and wellbeing of each and every inmate in the custody of the Warren County Sheriff, including Plaintiff, Questor French.

8. All Defendants are sued in their official and individual capacities.

## FACTS

9. On April 8, 2020, at approximately 4:00 p.m., Plaintiff was assaulted by Defendant Derek Williams while Plaintiff was sitting in the max cage area in D-pod watching television with

other inmates at the Warren County Correctional Facility, in the Village of Lake George, New York.

10. On April 8, 2020, Plaintiff was a pretrial detainee awaiting adjudication on various outstanding criminal allegations, entitled to the presumption of innocence as to all charges and allegations against him.

11. On said date and at such time, another inmate, known to Plaintiff as Inmate Keely, was sitting directly behind Plaintiff watching television and stated to Defendant Williams, "you have three different people residing in your head."

12. Defendant Williams asked the inmates seated in the D-Pod cage area, including Plaintiff, for the comment to be repeated.

13. Without realizing any harm would come from it, Plaintiff repeated what was said.

14. The words spoken by Plaintiff angered, displeased and/or upset Defendant Williams.

15. Defendant Williams was faced with a choice of how to respond to the words of Plaintiff.

16. Defendant Williams then made a conscious decision to respond with violence.

17. Defendant Williams then put his gloves on, walked around his desk and proceeded to the cage area. Upon entering the cage area, Defendant stated to Plaintiff, "I've been waiting a long time for this."

18. Defendant Williams used his hands to grab and to remove Plaintiff bodily from his seat.

4

19. Defendant Williams threw Plaintiff's body against the nearby metal stairs, and then to the ground in the area of the steel stairs.

20. In so doing, Defendant Williams caused Plaintiff's head to hit a steel I-beam, causing blood immediately to effuse from Plaintiff's head.

21. Plaintiff stated to Defendant Williams, "You just split my head open!"

22. Defendant Williams replied, "I don't give a fuck."

23. Defendant Williams then jumped upon Plaintiff and aggressively and intentionally attacked Plaintiff.

24. Defendant Williams pressed his hand into the wound on Plaintiff's head, with the intent to cause further pain.

25. Defendant Williams continued to attack Plaintiff by hitting and choking Plaintiff and by pushing Plaintiff's head and face into the carpeted floor.

26. Officers responded to the D-pod, including Defendants Brett Lail, Michael Curtis, Justin Ducey, Gary Millis, Julia Barton and John Does 1-4.

27. Upon the arrival of other correction officers, Defendant Williams again lifted and threw the Plaintiff to the ground, and then handcuffed Plaintiff.

28. Defendant Williams then purposefully excessively and intentionally overtightened the handcuffs, causing extreme pain and injury to Plaintiff's hands and wrists.

29. Defendants Lail, Curtis, Ducey, Millis, Barton and John Does 1-4 permitted, encouraged, facilitated and participated in the assault of Plaintiff by Defendant Williams.

30. Defendants Lail, Curtis, Ducey, Millis, Barton and John Does 1-4 were present

during the assault of Plaintiff by Defendant Williams and failed to prevent said assault.

31. Defendants Lail, Curtis, Ducey, Millis, Barton and John Does 1-4 had the ability and the opportunity to prevent Defendant Williams from assaulting Plaintiff.

32. Defendants Lail, Curtis, Ducey, Millis, Barton and John Does 1-4 negligently, intentionally and/or deliberately failed to prevent Defendant Williams from assaulting Plaintiff.

33. Defendants LaFarr, Comeau and John Does 5-8 were responsible to train, supervise and appropriately discipline Defendants Williams, Lail, Curtis, Ducey, Millis, Barton and John Does 1-4.

34. Defendants LaFarr, Comeau and John Does 5-8 failed to adequately train, supervise or appropriately discipline Defendants Williams, Lail, Curtis, Ducey, Millis, Barton and John Does 1-4.

35. As a direct and proximate result of Defendant Williams's use of excessive force, Plaintiff was severely injured, including but not limited to bruising and contusions on Plaintiff's forehead, face, hands, wrists, collarbone and ribs and a two-inch laceration in the back of Plaintiff's head.

36. As a direct and proximate result of Defendants LaFarr, Comeau and John Does 5-8 failure to adequately train, supervise or appropriately discipline Defendants Williams, Lail, Curtis, Ducey, Millis, Barton and John Does 1-4, Plaintiff was severely injured, including but not limited to bruising and contusions on Plaintiff's forehead, face, hands, wrists, collarbone and ribs and a two-inch laceration in the back of Plaintiff's head.

37. The above actions of Defendants caused substantial pain and physical injury to

Plaintiff, including but not limited to bruising, contusions, lacerations, wrist injury, chronic pain and psychological and emotional trauma.

38. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to not be subjected to excessive force;

    b. Physical damages, including medical expenses, pain and suffering and psychological and emotional trauma; and

    c. The actions of the Defendant violated the clearly established and well settled Federal constitutional rights of Plaintiff.

## COUNT ONE

### 42 U.S.C. § 1983
### Use of Excessive Force
### (Defendants Williams, Lail, Curtis, Ducey, Millis, Barton and John Does 1-4)

39. Plaintiff re-alleges and incorporates by reference herein all preceding paragraphs of Plaintiff's complaint.

40. Defendants Williams, Lail, Curtis, Ducey, Millis, Barton and John Does 1-4, by the actions detailed above, including but not limited to hitting, choking, pushing Plaintiff's head and face into the carpeted floor, handcuffing Plaintiff in an excessive and unreasonable way, used excessive force in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of the use of excessive force, Plaintiff was damaged

by Defendants.

42. These damages include, but are not limited to, loss of his physical liberty; physical damages, including medical expenses; pain and suffering and psychological and emotional trauma.

## COUNT TWO

### 42 U.S.C. § 1983
### Failure to Train and Supervise Employees under Color of State Law
### (Defendants LaFarr, Comeau and John Does 5-8)

43. Plaintiff re-alleges and incorporates by reference herein all preceding paragraphs of Plaintiff's complaint.

44. Defendants Jim LaFarr and Terry Comeau were directly responsible for supervising Defendants Williams, Bell, Lail, Curtis, Ducey, Millis, Barton and John Does 1-4 (hereinafter "Employee Defendants").

45. Defendants LaFarr and Comeau knew to a moral certainty that the Employee Defendants would confront the precise type of situation presented by Plaintiff on April 8, 2020 wherein an inmate might speak words that could cause a correction officer, like Defendant Williams, to have to choose how to react to words of an inmate.

46. Defendants LaFarr and Comeau knew to a moral certainty that Defendants Bell, Lail, Curtis Ducey, Millis, Barton and John Does 1-4 would confront a scenario in which they would respond to a situation in which a fellow correction officer had used and/or was in the process of using excessive force.

47. Defendant Williams was presented with a verbal statement by the Plaintiff and was faced with the choice to react with violence or to de-escalate the situation.

48. Defendant Williams elected to respond with excessive force, in retaliation against the Plaintiff for his words.

8

49. Defendants Bell, Lail, Ducey, Millis, Barton and John Does 1-4 were confronted with a scenario in which a fellow officer – Defendant Williams – was using unlawful and excessive force on an inmate.

50. Consequently, Defendants Bell, Lail, Ducey, Millis, Barton and John Does 1-4 were confronted with the choice to ignore the use of excessive force, stop or prevent the use of excessive force, or join in the use of excessive force.

51. Appropriate training and adequate supervision would have caused each named Defendant to make the correct, constitutional choice to stop and/or prevent the wrongful use of excessive force.

52. Upon information and belief, the Employee Defendants had each faced similar situations in the past and dealt with such situation inappropriately.

53. Upon information and belief, although aware that each Employee Defendant had inappropriately dealt with such situations in the past, Defendants LaFarr, Comeau and John Does 5-8 failed to appropriately discipline the Employee Defendants for such failures.

54. Although aware of the likelihood that each Employee Defendant would be presented with such situations, Defendants LaFarr, Comeau and John Does 5-8 failed to adequately train the Employee Defendants how to respond to each such situation.

55. Although aware of the likelihood that each Employee Defendant would be presented with such situations, Defendants LaFarr, Comeau and John Does 5-8 failed to adequately supervise the Employee Defendants in responding to each such situation.

56. Although aware of the likelihood that each Employee Defendant would be presented with such situations, Defendants LaFarr, Comeau and John Does 5-8 failed to adequately supervise the Employee Defendants in responding to each such situation.

57. As a direct and proximate result of the failure by Defendants LaFarr, Comeau and

John Does 5-8 to train, supervise or appropriate discipline the Employee Defendants, excessive force was used upon Plaintiff, resulting in damages.

58. These damages include, but are not limited to, loss of his physical liberty; physical damages, including medical expenses; pain and suffering and psychological and emotional trauma.

## COUNT THREE

### 42 U.S.C. § 1983
### Failure to Intervene
### (Defendants Lail, Curtis, Ducey, Millis, Barton and John Does 1-4)

59. Plaintiff re-alleges and incorporates by reference herein all preceding paragraphs in Plaintiff's complaint.

60. Defendants Lail, Curtis, Ducey, Millis, Barton and John Does 1-4 each had a duty to intervene to prevent the use of excessive force against Plaintiff by Employee Defendants.

61. Defendants Lail, Curtis, Ducey, Millis, Barton and John Does 1-4 viewed, heard, witnessed and otherwise were each aware of and in proximity to the use of excessive force against Plaintiff by the Employee defendants.

62. Defendants Lail, Curtis, Ducey, Millis, Barton and John Does 1-4 failed to intervene.

63. As a direct and proximate result of the above, Plaintiff was damaged by Defendants.

64. These damages include, but are not limited to, loss of his physical liberty; physical damages, including medical expenses; pain and suffering and emotional trauma as well as economic loss, including loss of income and other expenses arising out of his injuries and resultant permanent disability.

**DEMAND FOR JURY TRIAL**

65. Plaintiff demands a jury trial on all causes of action.

WHEREFORE, Plaintiff requests that this Court:

    a. Award compensatory damages to Plaintiff against Defendants;

    b. Award punitive damages against Defendants, as determined by the jury;

    c. Award reasonable attorney's fees and costs to the Plaintiff on all counts;

    d. Award costs of this action to the Plaintiff; and

    e. Award such other and further relief as this Court may deem appropriate.

Dated: January 18, 2021

                      E. STEWART JONES HACKER MURPHY, LLP

                      By:   /s/James C. Knox
                              James C. Knox
                              Bar Roll No. 517109
                              28 Second Street
                              Troy, New York 12180
                              Telephone:   (518) 274-5820
                              Facsimile:    (518) 274-5875
                              E-Mail:   jknox@joneshacker.com